UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SYR'EYE JEFFERIES,<br>  Plaintiff,<br>  v.<br>BCI BURKE COMPANY, LLC et al,<br>  Defendant. | No. 3:17-cv-00878 (MPS) |

## RULING ON MOTION TO DISMISS

This case arises out of injuries incurred by the plaintiff while using playground equipment provided and installed by the defendants. The plaintiff, Syr'eye Jefferies—by next friend Melissa Santos-Jefferies, his mother—, brings claims of product liability under Conn. Gen. Statute § 52-572m, *et seq.* against the defendants, BCI Burke Company, LLC ("BCI"), and Design Built, LLC ("Design"). Design moves to dismiss the count against it. (*See* ECF No. 28). For the following reasons, the motion to dismiss is hereby DENIED.

### I.  Factual Allegations

The plaintiff makes the following allegations, which I assume to be true.

Defendant Design "is in the business of planning, designing, constructing and maintaining playgrounds for schools, daycare, childcare and parks and recreation." (ECF No. 26 at ¶ 7). It is also "in the business of distributing, installing, maintaining and selling commercial outdoor playground equipment for the playgrounds it plans, designs and/or maintains." (*Id.* at ¶ 8). At all times relevant to this case, Design was a "product seller" as that term is defined under Conn. Gen. Stat. § 52-572, *et seq.* (*Id.* at ¶ 10). At some point in 2010, "the Town of Hamden, Connecticut, began the process of planning, designing and building a playground . . . called Josh's Jungle." (*Id.* at ¶ 11). One of the products planned for the playground included "the

1

Cruiser," a playground installation marketed by Defendant BCI Burke. (*Id.* at ¶¶ 6, 13). "On or about February 25, 2013, Town of Hamden hired [Design] to plan, design and construct Josh's Jungle. . . ." (*Id.* at ¶ 12). Design constructed the playground thereafter—including installation of "the Cruiser"—, and Josh's Jungle opened to the public sometime around July 22, 2013. (*Id.* at ¶¶ 13-14).

In April of 2013, "while the minor Plaintiff was playing on the Cruiser at Josh's Jungle in Hamden, he was injured as a result of a defect in the Cruiser that exposed the mechanism upon which it moves or rocks thereby creating a high risk of pinch or crush type injuries." (*Id.* at ¶ 15). As a result of these injuries, the plaintiff sustained: "(a) a close displaced comminuted fracture of the left femur requiring surgery; (b) a risk of problematic growth arrest; (c) need for additional surgery(ies); (d) mental anguish; and (e) anxiety and apprehension about his mental and physical conditions." (*Id.* at ¶ 16). "Some or all of [these] injuries and damages have affected the Plaintiff's ability to engage in, and enjoy, his activities of daily living and have prevented him from resuming his pre-incident lifestyle." (*Id.*). The plaintiff has also "incurred expenses for his medical care and treatment and will likely continue to do so in the future." (*Id.* at ¶ 17).

## II. Legal Standard

When reviewing a complaint under Fed. R. Civ. P. 12(b)(6), a court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *E & L Consulting, Ltd. v. Doman Indus.*, 472 F.3d 23, 28 (2d Cir. 2006). "To survive a [Rule 12(b)(6)] motion, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Morales v. Weiss*, 569 F. App'x 36, 37 (2d Cir. 2014), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim lacks facial plausibility when it offers mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### III. Discussion

Design makes three arguments in its motion to dismiss the plaintiff's product liability claim against it, all of which center on the plaintiff's decision to amend his complaint. The plaintiff's original complaint alleged a negligence claim against Design. (ECF No. 1-1 at 4). On July 13, 2017, Design filed a motion to dismiss the claim. (ECF No. 18). Upon Design's filing of the motion to dismiss, the Court issued the following order on July 14, 2017:

> [Design] has filed a . . . motion to dismiss Plaintiff[']s complaint in part for failure to state a claim. On or before August 4, 2017, Plaintiff shall either file a response to the motion or file an amended complaint in which Plaintiff pleads as many facts as possible, consistent with Rule 11, to address the alleged defects discussed in [Design's] memorandum of law. The Court will not allow further amendments after August 4, 2017. If Plaintiff chooses to amend and if [Design] renews its motion to dismiss, [Design] may incorporate by reference any prior briefing.

(ECF No. 19 (emphases omitted)). The plaintiff then filed a timely amended complaint on August 3, 2017, which replaced the negligence claim with a product liability claim against Design. (*See* ECF No. 26 at 5). Design contends that the plaintiff's addition of the new product liability claim defied the Court's order recounted above. (ECF No. 28-1 at 4-5). It also contends that the new claim is barred by the applicable three-year statute of limitations. (*Id.* at 5-7). Finally, it avers that the plaintiff's product liability claim does not relate back to the filing of the original complaint, thereby making it time barred. (*Id.* at 7-8).

3

The former two arguments are nonstarters. There is nothing in the Court's July 14, 2017 order that prohibited the plaintiff from amending his complaint to include a new claim. Rather, the Court's order notified the plaintiff that he had a onetime opportunity to amend his claim as he saw fit in response to Design's motion to dismiss—an opportunity afforded him by Fed. R. Civ. P. 15(a)(1)(B). Design's second argument concerning the applicability of the statute of limitations for the plaintiff's product liability claim lacks any force absent its third argument that the plaintiff's claim does not relate back to his original complaint. The statute of limitations for a product liability claim under Connecticut law extends "three years from the date when the injury, death or property damage" at issue was "first sustained or discovered or in the exercise of reasonable care should have been discovered," save for certain exceptions inapplicable in this case. Conn. Gen. Stat. § 52-577a(a). The plaintiff's accident took place "on or about April 11, 2014," (*see* ECF No. 26 at ¶ 15), and the plaintiff filed his original complaint on April 10, 2017. (*See* ECF No. 1-1 at 6).[1] He filed his amended complaint on August 3, 2017. (*See* ECF No. 26 at 1). Thus, whether the plaintiff's product liability claim against Design is time barred hinges on whether the claim relates back to his original complaint.

---

[1] "When a federal court adjudicates state law claims, state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." *Wilson v. Midway Games, Inc.*, 198 F. Supp. 2d 167, 174 (D. Conn. 2002) (internal quotation marks omitted). Connecticut law provides that "a cause or right of action shall not be lost because of the passage of time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of delivery." Conn. Gen. Stat. § 52-593a. Here, the plaintiff delivered his complaint to a state marshal for service on April 11, 2017. (*See* ECF No. 30-1, Exhibit 1, Affidavit of Service Receipt). The marshal served the complaint upon Design on May 1, 2017. (*See* ECF No. 30-2, Exhibit 2, Attestation of Gerald J. Broderick). Thus, the plaintiff commenced this action within three years of his alleged injury, and the defendant does not argue to the contrary.

Under Fed. R. Civ. P. 15(c)(1), an "amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back" or "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. . . ." Fed. R. Civ. P. 15(c)(1)(A-B). The "central inquiry" in determining whether an amendment setting out a new claim may relate back to the original complaint "is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.'" *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) (quoting *Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir. 1973) (citation omitted)). In determining "whether adequate notice has been given, 'the test is not contemporaneity'"; "in other words, the test is not simply whether the events giving rise to the different complaints occurred at the same time." *McCarthy v. Associated Clearing Bureau*, Inc., No. 3:97CV1969, 1999 WL 1995185, at *5 (D. Conn. Sept. 3, 1999) (quoting *Rosenberg*, 478 F.2d at 526). Rather, "[f]or a newly added action to relate back, the basic claim must have arisen out of the conduct set forth in the original pleading." *Slayton v. Am. Exp. Co.,* 460 F.3d 215, 228 (2d Cir. 2006) (internal quotation marks omitted).

This means that "claims that are based on an entirely distinct set of factual allegations will not relate back." *Id.* (internal quotations omitted); *see also Pruiss v. Bosse*, 912 F .Supp. 104, 106 (S.D.N.Y.1996) ("An amendment will not relate back if it sets forth a new set of operational facts; it can only make more specific what has already been alleged."). Although the exact scope of this limitation is vaguely defined in case law, new legal claims generally relate back if they are based on the facts set out in the original complaint. *Compare Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F. Supp. 1088, 1093–94 (N.D.N.Y. 1977) (plaintiff's

5

new product liability claim in amended complaint alleging injury from different prosthetic device than claims in original complaint did not relate back*); Goldman v. Barrett*, No. 15 CIV. 9223 (PGG), 2017 WL 4334011, at *7 (S.D.N.Y. July 25, 2017) (plaintiff's new defamation claim in amended complaint based upon oral statements made by defendants did not relate back to defamation claim concerning article published by defendants) *with Riola v. Long Island Cycle & Marine, Inc.*, No. 02-CV-1565 SJF JO, 2004 WL 5392605, at *2 (E.D.N.Y. Aug. 10, 2004) (plaintiff's new battery claim related back to sexual harassment claim because conduct alleged in original complaint gave rise to battery claim); *Contemporary Mission, Inc. v. New York Times Co.*, 665 F. Supp. 248, 256 (S.D.N.Y. 1987) (plaintiff's new defamation claim based on defendant's article related back to plaintiff's original defamation claim based on same article).

With these principles in mind, I now turn to the respective sets of operational facts for the plaintiff's original and newly amended claims. The plaintiff's claims against Design in both his original and amended complaints relied upon the following set of operational facts:

> On or about April 11, 2014, while the minor Plaintiff was playing on the Cruiser at Josh's Jungle in Hamden, he was injured as a result of a defect in the Cruiser that exposed the mechanism upon which it moves or rocks thereby creating a high risk of pinch or crush type injuries.

(ECF No. 1-1 at 2; ECF No. 26 at 15). Design alleges that the plaintiff's product liability claim includes multiple novel "allegations concerning [Design's] commercial interactions, advice and recommendations with its customer, the Town of Hamden." (ECF No. 28-1 at 9). While this contention is correct, the addition of these claims does not render the factual predicate for the plaintiff's product liability claim a new set of operational facts. The plaintiff's allegations concerning Design's interactions with the Town of Hamden stem directly from the same occurrence as the negligence claim in the original complaint—the injuries to the plaintiff from the Cruiser on April 11, 2014. *Contrast Pruiss*, 912 F. Supp. at 106 (noting that plaintiff's

6

amended complaint "name[d] a new party as well as new dates" in denying relation back). Thus, the plaintiff's new claim is based on the facts set out in his original complaint. As such, Design had adequate notice of the possibility of the new claim. *See McCarthy*, 1999 WL 1995185, at *5 ("In many of the cases in which courts have found that an amended complaint relates back, the later pleading merely clarified or expanded upon the basic factual allegations of the original *or simply altered a legal theory*." (emphasis added)); *Narvarte v. Chase Manhattan Bank*, 1998 WL 690059 (S.D.N.Y. Oct. 2, 1998) ("It is well-established that amendments that merely add new legal theories relate back." (internal quotation marks omitted)); *Stevelman*, 174 F.3d at 87 (determining new claim related back because "the facts alleged in the original complaint clearly put [the defendants] on notice as to the conduct and transactions at issue in this action").

I therefore conclude that the plaintiff's product liability claim relates back to the filing of his original complaint, and thereby falls within the applicable statute of limitations. As such, I deny Design's motion to dismiss.

**IV.**     **Conclusion**

For the reasons discussed above, Design's motion to dismiss (ECF No. 28) is hereby DENIED.

.

IT IS SO ORDERED.

       /s/

Michael P. Shea, U.S.D.J.

7

Dated: Hartford, Connecticut

January 24, 2018