**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SYR'EYE JEFFERIES p/p/a ) | Civil Action No. 3:17-cv-878-MPS |
| MELISSA SANTOS-JEFFERIES ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BCI BURKE COMPANY, LLC and ) | |
| DESIGN BUILT, LLC ) | |
|     Defendants. ) | October 31, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DESIGN BUILT, LLC'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(a)**

**I.   INTRODUCTION**

Pursuant to Fed.R.Civ.P. 56(a), the Defendant, Design Built, LLC ("Design Built"), hereby moves this Honorable Court for summary judgment in Design Built's favor as to Count Two of the Plaintiff's Amended Complaint dated August 3, 2017 (Doc. No. 26). As grounds therefore, there is no genuine issue of material fact that the Plaintiff cannot establish that the subject product was dangerous and/or defective. Notably, the Plaintiff has failed to disclose an expert in support of the claim, which is required under the modified consumer expectations test that is employed for products liability cases of this nature. In addition, there are no competent witnesses to the occurrence of the subject incident during which the minor Plaintiff was injured. Thus, as more fully discussed below, summary judgment should enter in Design Built's favor.

1

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

## II. RELEVANT PROCEDURAL BACKGROUND

On May 10, 2017, the Plaintiff commenced the instant action against Design Built and BCI Burke Company, LLC ("BCI Burke") by filing a complaint in the Superior Court of Connecticut, judicial district of New Haven at New Haven. On May 26, 2017, the action was removed to federal court. On July 21, 2017, the Court (Shea, J.) ordered that the Plaintiff's expert reports would be due on June 30, 2018. In addition, all discovery was ordered to be completed (not propounded) by September 30, 2018. Despite the Court's scheduling order, at no time has the Plaintiff disclosed any experts.

## III. UNDISPUTED MATERIAL FACTS

The Plaintiff alleges that at all times mentioned in the Amended Complaint, Syr'eye Jefferies ("minor Plaintiff") PPA Melissa Santos-Jefferies ("Plaintiff"), was and is a resident of the City of New Haven, State of Connecticut. (See attached Exhibit "A" at p. 1, ¶ 1). The Plaintiff alleges that the Defendant, BCI Burke Company, LLC ("BCI Burke") was in the business of designing, testing, manufacturing, labeling and selling outdoor playground equipment for schools, daycare, childcare and parks and recreation. (See Exhibit "A" at p. 2, ¶ 5). The Plaintiff alleges that one of BCI Burke's products included the Cruiser, which it marketed as follows:

> With enough room for two wheelchairs and two full benches, the Cruiser allows up to 12 children of all abilities to play together. Handles at both ends allow adults of other children to assist with motion and enjoy the experience.

(See Exhibit "A" at p. 2, ¶ 6). The Plaintiff alleges that sometime in 2013, the Defendant, Design Built, performed the design, construction and installation of the playground equipment at the

2

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1413940v.1

Josh's Jungle playground in Hamden, Connecticut, including the Cruiser. (See Exhibit "A" at p. 3, ¶¶ 12-13).

The Plaintiff alleges that on or about April 11, 2014, while the minor Plaintiff was playing on the Cruiser at Josh's Jungle in Hamden, he was injured as a result of a defect in the Cruiser that exposed the mechanism upon which it moves or rocks thereby creating a high risk of pinch or crush type injuries. (See Exhibit "A" at p. 3, ¶ 15). The Plaintiff alleges that as a result thereof, the minor Plaintiff suffered injuries of a serious, painful and permanent nature in that he sustained: (a) a closed displaced comminuted fracture of the left femur requiring surgery; (b) a risk of problematic growth arrest; (c) need for additional surgery(ies); (d) mental anguish; and (e) anxiety and apprehension about his mental and physical conditions. (See Exhibit "A" at pp. 3-4, ¶ 16). The Plaintiff alleges that Design Built violated the Connecticut Product Liability Act, C.G.S. §52-572,, *et seq.*, and is liable to the minor Plaintiff, in one or more of the following ways:

(a) it carelessly and improperly selected the Cruiser for inclusion in the layout of Josh's Jungle when it knew or should have known it was dangerous and defective;

(b) it carelessly and improperly advised Town of Hamden that the Cruiser was a reasonable piece of equipment for inclusion at Josh's Jungle when it knew of should have known it was dangerous and defective;

(c) it failed to recommend to Town of Hamden that there were other feasible safer pieces of equipment than the Cruiser for inclusion at Josh's Jungle;

3

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
(860) 616-4441 • JURIS NO. 404459

1413940v.1

- (d) it failed to properly test the Cruiser at the time of installation when said proper testing would have revealed the dangerous condition of the exposed mechanism;

- (e) it failed to properly cover the exposed mechanism of the Cruiser at the time of installation;

- (f) it failed to properly warn the public of the exposed mechanism of the Cruiser or take other reasonable remedial action after discovering it;

- (g) it improperly installed the Cruiser in a manner inconsistent with the manufacturer's instructions which would have ameliorated the exposed mechanism;

- (h) it carelessly and improperly advised Town of Hamden regarding the safety of the Cruiser under conditions to which it knew or should have known the Cruiser would be used;

- (i) it carelessly and improperly constructed the Cruiser at the time of installation; and,

- (j) it failed to recommend installation of proper piece of playground equipment in light of the intended uses and intended users.

(See Exhibit "A" at pp. 5-6, ¶ 18).

4

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

The minor Plaintiff is the Plaintiff's son. (See Exhibit "B" at p. 7). The minor Plaintiff was approximately five years and three months old at the time of the subject incident. (See Id.).[1] As of February 28, 2018, the minor Plaintiff was nine years old. (See Id.). At the time of the subject incident, the Plaintiff and minor Plaintiff were at Josh's Jungle with the minor Plaintiff's siblings, E'Mory and X'Avier, who at that time were approximately twelve and eight years old, respectively. (See Exhibit "B" at p. 14). The attached photograph is a fair and accurate depiction of how the Cruiser looked on the date of the subject incident. (See Exhibit "B" at p. 18; Exhibit "B-2").

The Plaintiff does not recall if should could see the Cruiser at the time of the subject incident, but may have seen "a piece of it sticking up." (See Exhibit "B" at p. 21). The Plaintiff learned of the subject incident from E'Mory and X'Avier (See Id.). No one else told the Plaintiff how the subject incident occurred. (See Exhibit "B" at pp. 36-37). The Plaintiff did not ask her children for any other specific details about how the subject incident occurred. (See Exhibit "B" at p. 40). The minor Plaintiff did not provide the Plaintiff with any details of the subject incident beyond what E'Mory and X'Avier had reported. (See Exhibit "B" at p. 46). The Plaintiff has no information that the minor Plaintiff was somehow underneath the Cruiser when the subject incident occurred. (See Exhibit "B" at p. 47). The Plaintiff does not know how many people were on the Cruiser or in its immediate vicinity at the time of the subject incident. (See Exhibit

---

[1] The minor Plaintiff's date of birth has been redacted from the deposition transcript excerpt submitted with Design Built's Motion for Summary Judgment. Design Built asserts the fact of the minor's Plaintiff's approximate age without specific reference to the date of birth. Should the Plaintiff challenged the assertion of the minor's Plaintiff's approximate age, Design Built reserves the right to effectuate an appropriate filing with the court to provide the necessary detail in an unredacted format.

5

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

"B" at p. 23). The Plaintiff did not see the subject incident occur. (See Exhibit "B" at p. 24). The Plaintiff looked at the Cruiser after the subject incident and did not observe anything unsafe about it. (See Exhibit "B" at p. 37). The Plaintiff looked at the Cruiser after the subject incident and did not observe anything that appeared to be broken. (See Exhibit "B" at p. 38). The Plaintiff did not pursue any type of investigation to determine if there were any defects or problems with the Cruiser. (See Exhibit "B" at p. 49).

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, such as here, the evidence demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng. Corp., 221 F.3d 293, 300 (2nd Cir. 2000). A party moving for summary judgment must demonstrate the absence of any material factual issue genuinely in dispute. Amer. Intl. Group, Inc. v. London Amer. Intl. Corp., 664 F. 2d 348, 351 (2nd Cir. 1981)(citations omitted). While the court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party, Anderson, 477 U.S. at 255; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the non-moving party "may not rest upon the mere allegations and denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248; Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). Only disputes regarding facts that may affect the outcome of the suit will properly preclude the entry of summary judgment. Anderson, 477 U.S. at 248.

6

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1413940v.1

## V. LEGAL ARGUMENT

### A. Plaintiff Cannot Establish That The Cruiser Was Defective And/Or Dangerous Without An Expert Witness

In light of the Plaintiff's allegations regarding the defective and/or dangerous nature of the Cruiser, particularly an unidentified "exposed [] mechanism upon which it moves or rocks [and] creat[es] a high risk of pinch or crush type injuries," the potential liability of Design Built, if any, must be evaluated under the modified consumer expectation test, which requires expert testimony to support the Plaintiff's claims. Without having disclosed an expert in this action, the Plaintiff cannot establish that the Cruiser was defective and/or dangerous. In addition, the Plaintiff cannot even identify or describe the "exposed [] mechanism" of the Cruiser (i.e. the specific component) which allegedly caused the minor Plaintiff's injuries.

"Depending on the type of product at issue—namely, its complexity—expert testimony regarding whether the product was defective and causation may be required in order to make out a prima facie product liability case. Under the ordinary consumer expectation test, a plaintiff may prove that the product is unreasonably dangerous without presenting expert testimony, but only when the everyday experience of the particular product's users permits the inference that the product did not meet minimum safety expectations…Conversely, there may be instances involving complex product designs in which an ordinary consumer may not be able to form expectations of safety…In those situations, the modified consumer expectation test applies, and the trier of fact must view a consumer's expectations of the product in light of various factors that balance the utility of the product's design with the magnitude of its risks…Expert testimony

7

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

is generally required in cases in which the modified consumer expectation test applies because, due to the complexity of the product design, the issues involved go beyond the field of the ordinary knowledge and experience of the trier of fact…Thus, without expert testimony in such cases, a plaintiff cannot provide sufficient evidence for the case to be submitted to the trier of fact. [I]t is the function of the trial court to determine whether an instruction based on the ordinary consumer expectation test or the modified consumer expectation test, or both, is appropriate in light of the evidence presented." (Citations omitted; internal quotation marks omitted.) D'Ascanio v. Toyota Industries Corp., 309 Conn. 663, 674–75 (2013), citing Potter v. Chicago Pneumatic Tool Co., 241 Conn. 199, 219, 220, 222 (1997).

In recent case of Izzarelli v. R.J. Reynolds Tobacco Co., 321 Conn. 172 (2016), the Connecticut Supreme Court explained the limited instances in which the ordinary consumer expectation test would be used:

> [We hold that, under our product liability law, the ordinary consumer expectation test is reserved for those limited cases in which a product fails to meet a consumer's legitimate, commonly accepted minimum safety expectations. Expert testimony on product design is not needed to prove the product's defect, nor is the utility of the product's design an excuse for the undisclosed defect. See Soule v. General Motors Corp., supra, 8 Cal.4th at 567, 34 Cal.Rptr.2d 607, 882 P.2d 298 ("the consumer expectations test is reserved for cases in which the everyday experience of the product's users permits a conclusion that the product's design violated minimum safety assumptions, and is thus defective regardless of expert opinion about the merits of the design" [emphasis omitted] ); A. Twerski & J. Henderson, "Manufacturers' Liability for Defective Product Designs: The Triumph of Risk–Utility," 74 Brook. L.Rev. 1061, 1108 (2009) ("overwhelming majority of cases that rely on consumer expectations as the theory for imposing liability do so only in res ipsa-like situations in which an inference of defect can

8

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

> be drawn from the happening of a product-related accident"). All other cases should be determined under the modified consumer expectation test.

Id., at 202-03.  The District of Connecticut has also recognized that "[w]here complex products are involved," the modified consumer expectations test "considers whether the risk of danger inherent in the design of the product outweighs its utility."  Wasilewski v. Abel Womack, Inc., 2014 WL 819498; No. 3:10CV1857 WWE (D.Conn. 2014), citing Moss v. Wyeth Inc., 872 F.Supp.2d 162 (D.Conn. 2012).  See also Walters v. Howmedica Osteonics Corp., 676 F.Sup.2d 44, 50 (D.Conn. 2009) ("[i]n products liability cases ... where the issue concerns a product's design ... it would seem that expert opinion is the only available method to establish defectiveness, at least where the design is not patently defective").

Connecticut state courts deciding cases under the Connecticut Product Liability Act have entered summary judgment in favor of defendants where a plaintiff has failed to disclose an expert to opine on the allegedly defective and/or dangerous nature of the subject product.  See Ferrari v. Johnson & Johnson, Inc., Superior Court of Connecticut, Judicial District of Hartford at Hartford, 2017 WL 6884118, HHDCV166067308S (November 28, 2017, Noble, J.); White v. Mazda Motor of America Inc., Superior Court of Connecticut, Judicial District of Hartford, 2011 WL 3211221, No. HHDCV086003322S (June 22, 2011, Robaina, J.); Koutsoukos v. Toyota Motor Sales, USA, Inc., Superior Court of Connecticut, 2011 WL 2177095, No. X05CV085007144S (May 11, 2011, Blawie, J.).

Pursuant to the undisputed facts of this case, the Plaintiff is unable to identify or describe the "exposed [] mechanism" of the Cruiser (i.e. the specific component) which allegedly caused

9

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

the minor Plaintiff's injuries.  Even if the Plaintiff had been able to positively identify or describe the "exposed [] mechanism" within the Cruiser, this case does present a scenario where "the everyday experience of the product's users permits a conclusion that the product's design violated minimum safety assumptions, and is thus defective regardless of expert opinion about the merits of the design."  See Izzarelli, supra, 321 Conn. at 202-03.  The Plaintiff's allegations against Design Built require an inquiry into the "complexity of the product design," and "the issues involved go beyond the field of the ordinary knowledge and experience of the trier of fact."  See D'Ascanio, supra, 309 Conn. at 674-75.  A piece of playground equipment with moving parts, the details of the product design are critical in determining whether any defect existed.  As such, the Plaintiff was required to disclose an expert to support the claim that the Cruiser was dangerous and/or defective.  In the absence of an expert, the Plaintiff has no reasonable expectation of proving this essential element of the claim against Design Built.  For this reason, summary judgment should be entered in Design Built's favor.

      **B.**     **Plaintiff Cannot Identify A Competent Witness Concerning The Occurrence Of The Subject Incident**

Even assuming *arguendo* that the Plaintiff was permitted to establish that the Cruiser dangerous and/or defective through lay witness testimony, the Plaintiff would be unable to produce a sufficiently competent witness concerning the subject incident itself.  Although the minor Plaintiff's mother was generally present at the playground when the injury occurred, she did not witness the incident itself nor did she inspect the Cruiser or otherwise identify any perceived defect.  The minor Plaintiff was five years old at the time, and his two siblings—

10

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

E'Mory and X'Avier—were twelve and eight years old, respectively. Moreover, it has merely been established that the two siblings reported the resulting injury to their mother, not that they actually witnessed the incident itself. The witnessing of the incident is crucial because of the Plaintiff's specific allegations that the minor Plaintiff was injured by an unidentified "exposed [] mechanism upon which it moves or rocks [and] creat[es] a high risk of pinch or crush type injuries." When describing what she learned about the incident from her children, the Plaintiff provided no information about what portion of the Cruiser was allegedly defective, if any.[2] Rather, the Plaintiff admitted that she had no such information from her children or from any other source.

Pursuant to the Federal Rules of Evidence, Rule 601, "Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." "The ultimate test of competence of a young child is whether he has the requisite intelligence and mental capacity to understand, recall and narrate his impressions of an occurrence." United States v. Perez, 526 F.2d 859, 865 (5th Cir. 1976) (citations omitted). Under Connecticut state law, in determining the competency of a proposed witness the trial court should consider the capacity of the witness to receive correct sense impressions, to comprehend the facts to be developed, to

---

[2] Design Built acknowledges that portions of the Plaintiff's deposition testimony contain hearsay statements of what the Plaintiff was allegedly told by her children. However, the inclusion of any such hearsay within the exhibits to this Motion for Summary Judgment should not be construed as a concession that such hearsay is admissible and/or appropriate for consideration of the motion.

11

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

recollect and narrate facts intelligently and to appreciate the moral duty to tell the truth. State v. Stankowski, 184 Conn. 121, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S.Ct. 596 (1982).

In the case at bar, without any evidence from a competent, percipient witness as to how the subject incident occurred, the Plaintiff cannot establish that the minor Plaintiff's injury was caused by an alleged defect in the Cruiser. The Plaintiff should not be permitted to proceed to trial with nothing more than speculation about the existence of defect, the manner in which the subject incident occurred and the causal relationship between the unidentified "exposed [] mechanism" and the resulting injury. The absence of an expert, discussed above, is an independent and sufficient basis for summary judgment to enter in favor of Design Built. However, the lack of any sufficiently competent witness concerning the subject incident itself highlights another critical flaw in the Plaintiff's claim and provides another independent basis for the entry of summary judgment in favor of Design Built.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Design Built's Motion for Summary Judgment as there is no genuine issue of material fact that the Plaintiff cannot establish that the Cruiser was dangerous and /or defective. Design Built requests any other relief this Court deems just and proper.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

1413940v.1

**DEFENDANT,**
**DESIGN BUILT, LLC,**

   */s/ Joseph R. Ciollo*
Joseph R. Ciollo
Federal Bar No.: ct29719
Morrison Mahoney LLP
One Constitution Plaza
Hartford, CT 06103
P: (860) 616-4441
F: (860) 541-4879
jciollo@morrisonmahoney.com

13

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1

## CERTIFICATION

I hereby certify that a copy of the foregoing document was filed electronically on October 31, 2018, and was served by mail to anyone unable to accept electronic filing, including counsel listed below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable accept electronic filing.  Parties may access this filing through the Court's system.

Jeffrey M. Cooper, Esq.
Cooper Sevillano, LLC
1087 Broad Street
Bridgeport, CT 06604
jcooper@coopersevillano.com

Kevin W. Hadfield, Esq.
Manion Gaynor & Manning LLP
125 High Street, 6th Floor
Oliver Street Tower
Boston, MA  02110
khadfield@mgmlaw.com

                                            */s/ Joseph R. Ciollo*
                                            Joseph R. Ciollo

**MORRISON MAHONEY LLP • COUNSELLORS AT LAW**
**ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103**
**(860) 616-4441 • JURIS NO. 404459**

1413940v.1