**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SYR'EYE JEFFERIES ppa ) <br> MELISSA SANTOS-JEFFERIES ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BCI BURKE COMPANY, LLC, ) <br> ) <br>       and ) <br> ) <br> DESIGN BUILT, LLC ) <br>       Defendants. ) <br> ) | C.A. No. : 3:17-CV-878-SRU |

**DEFENDANT BCI BURKE COMPANY LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

**I.**  **INTRODUCTION**

Defendant, BCI Burke Company LLC (hereinafter "Defendant" or "BCI"), hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment, as there are no genuine issues of material fact, and BCI is entitled to judgment as a matter of law as to all claims against it. Plaintiff's mother, Melissa Santos-Jefferies, (hereinafter "Plaintiff") brought this action to recover for, among other things, injuries suffered by Syr'eye Jefferies (hereinafter "Minor Plaintiff") on April 11, 2014, while playing on or near an alleged defective piece of playground equipment named the "Cruiser," that was manufactured by BCI, and installed at Josh's Jungle in Hamden, Connecticut.

BCI is entitled to judgment under the Connecticut Product Liability Act, since there is no evidence that the Cruiser was defective, or that the Minor Plaintiff's injuries were caused by any alleged defects in the Cruiser.

## II.   STATEMENT OF MATERIAL FACTS

Minor Plaintiff Syr'Eye Jefferies was five years old on April 11, 2014, when he sustained injuries while playing on or near a piece of playground equipment called the Cruiser, at Josh's Jungle in Hamden, Connecticut. (Exhibit A, ¶ 9; Exhibit D at 7:7-10). At all relevant times, BCI was the designer and manufacturer of the Cruiser. (Exhibit C, ¶2). Generally speaking, the Cruiser is a large, rocking platform, with handles on either side that permit adults and children to push the platform back and forth. (Exhibit F). On May 16, 2016 Plaintiff filed suit against BCI, alleging that the Minor Plaintiff's injuries were caused by various defects in the design of the Cruiser, and that as a result, BCI violated Connecticut's Product Liability Act, CGS §52-572m, *et seq*. (Exhibit A, at ¶12).

The only sworn testimony in the case at hand has been provided by Plaintiff Melissa Santos-Jefferies. (Exhibit D). The Plaintiff did not witness the incident alleged in the complaint. (Id. at 24:11-13). The Plaintiff learned about the incident alleged through her children, Syr'Eye (age five), X▇▇ (age eight), and E▇▇ (age 12) (Id. at 7:7-10; 14:12-19.) There were no other identifiable or known potential witnesses who can describe who the injury occurred. (Id. at 36:21-37:1). The Plaintiff testified at her deposition that when she looked at the Cruiser after the incident, there was not anything about it that looked unsafe. (Id. at 37:1-16). She further testified that after the incident, she did not see anything that appeared broken on the Cruiser. (Id. at 38:6-11).

A scheduling order was signed and ordered in this case on July 21, 2017. (Exhibit E). The scheduling order dictates that "Plaintiff's expert reports are due June 30, 2018, and depositions of Plaintiff's experts will be completed by July 30, 2018". (Id. at p.1). As of the date of filing of this motion, October 31, 2018, the plaintiff has not disclosed an expert. (Exhibit B).

### III.  LAW AND ARGUMENT

Under Connecticut product liability law, Plaintiff cannot meet her evidentiary burden of proof on critical elements of her product liability claim, and defendant BCI is entitled to summary judgment.  Specifically, Plaintiff cannot offer any admissible evidence establishing how the injury happened or whether the injury was caused by an actual defect in the product, or by virtue of something else.

#### A.  **Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party if entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

3

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (citations omitted). "The burden on the moving party may be discharged by 'showing' – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." PepsiCo, inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Property Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

### B. **Plaintiff Cannot Establish How The Injury Happened**

There were no known potential witnesses to the event other than Plaintiff's minor children, and we do not have any competent evidence establishing how the incident occurred. In the absence of such admissible evidence, the Plaintiff cannot prove that the alleged injuries were caused by any defects in the Cruiser. In the absence of admissible evidence establishing causation, the Plaintiff cannot sustain an action against BCI.

Plaintiff's claim against BCI for personal injuries arising from a defective product fall within the purview of the Connecticut Product Liability Act, Conn. Gen. State. § 52-572m, *et seq,* (the "CPLA").

> Under Connecticut law, a product liability claim includes all injures caused by the defective manufacture, construction, design, preparation, installation, or packaging of any product. Conn. Gen.Stat. § 52–572m(b). The CPLA is the exclusive remedy for any product defect action brought under Connecticut law, and it includes all actions related to the defect itself and to defects related to placing a product "into the stream of commerce"….
>
> The elements of a CPLA claim are that (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) **the defect caused the injury for which compensation was sought**; (4) the defect

4

>existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition.

Bray v. Ingersoll-Rand Co., No. 3:13-CV-1561 SRU, 2015 WL 728515, at *3–4 (D.Conn. Feb. 19, 2015) (Underhill, J.), *citing* White v. Mazda Motor of Am., Inc*.,* 313 Conn. 610, 622 (2014) (emphasis added, internal citations omitted).

In the present case, there is no competent evidence establishing how the injury occurred. The Plaintiff did not see the incident take place, and only learned about the incident through her minor children; there were no other (known or unknown) witnesses at the scene that were able to tell her or describe what happened. (Exhibit D at 24:11-13; 36:21-37:1).

Proof of an accident alone is insufficient to establish a manufacturer's liability. Metropolitan Property and Cas. Ins. Co. v. Deere and Co., 302 Conn. 123, 136 (2011). When the product is out of the control of the manufacturer, the likelihood of other potential causes of the accident that are not attributable to the manufacturer necessarily increases. Id. Additionally, product accidents often occur for a variety of reasons that do not indicate the existence of a defect. Id. To allow such a speculative inference solely from the fact of an accident, when manufacturers and sellers no longer have exclusive control of the product, would essentially convert them into insurers of their products; this is contrary to the purposes of our product liability laws. Id. at 137.

Here, we have nothing more than inadmissible hearsay from minor children as to what actually occurred. The Plaintiff herself did not witness the accident, and testified that after looking at the Cruiser (after the incident), there was nothing about it that looked unsafe or broken. Thus, even if the Cruiser is defective, there is no evidence establishing that the injury was *caused* by any defect, because there is no competent evidence as to how it happened.

This matter is similar to Gershberg v. Camera Wholesalers, Inc., No. FSTCV126014627S, 2014 WL 1283077, at *4 (Conn. Super. Ct. Feb. 26, 2014)[1], in which the court found insufficient evidence to establish that a defect caused the plaintiff's injuries. In Gershberg, the plaintiff alleged personal injuries after sitting on a stool that collapsed under him. Id. The plaintiff could not identify any bent or broken legs or parts of the stool after his fall, and when asked specifically what collapsed, he replied, "well, that remains to be determined." Id. When asked what portion of the stool collapsed or changed from its normal orientation, he stated "yeah, well, I would have no way of knowing that obviously." Id. Similarly to the case at hand, the Plaintiff was also unable to state that any bystanders witnessed the stool collapsing under him. Id.

In the absence of any admissible evidence regarding what caused the Minor Plaintiff's injury and whether the incident was caused by an actual defect in the product, as opposed to something else, the Plaintiff cannot establish a critical prong of her cause of action, causation. Therefore, the Plaintiff cannot establish a claim under the CPLA, and BCI is entitled to summary judgment as a matter of law.

C. **There Is No Evidence Of An Actual Defect In The Product And Plaintiff Has Disclosed No Experts To Establish How The Product May Have Been Defective**

As noted above, not knowing how the injury happened, it is impossible to know whether the incident was caused by an actual defect in the product, or by something else, some unknown variable that existed on the playground that day, which was filled with people.  The Plaintiff, who looked at the Cruiser after the accident, did not see anything unsafe or dangerous about the Cruiser, and did not observe any broken parts.  In the absence of any readily observable danger, defects, or broken parts, and in the absence of expert testimony establishing either the presence of a latent defect or that the injury was caused but such defect, the plaintiff cannot sustain her

---

[1] Unpublished decision attached hereto as Exhibit 1

burden of proof under the CPLA. "Proof that a defect in the product caused the injury in controversy is a prerequisite to recovery for product-caused injury in every products liability case…." Theodore v. Lifeline Systems Company, 173 Conn. App. 291, 308 (2017) (citations omitted)

A scheduling order was signed and ordered on July 21, 2017. (Exhibit E). The scheduling order dictates that "Plaintiff's expert reports are due June 30, 2018, and depositions of Plaintiff's experts will be completed by July 30, 2018." (Id. at p.1). As of the date of filing of this motion, October 31, 2018, the Plaintiff has not disclosed an expert. (Exhibit B) Therefore, the Plaintiff is precluded from introducing an expert opinion on whether the product is defective, and whether the injury was caused by such defect,

Since there is no direct evidence of how the injury occurred on the Cruiser, which by Plaintiff's account appeared safe and intact, expert testimony is required to establish that the product was in fact defective, and that the defect caused the injury. See e.g. Ferrari v. Johnson & Johnson, Inc., HHD-CV-16-6067309-S, 2017 WL 6884118 (Conn. Super. Ct., November 28, 2017)[2] (granting summary judgment for defendant in the absence of expert testimony, noting that courts have consistently held "that expert testimony is required when the question involved goes beyond the field of the ordinary knowledge and experience of judges and jurors"), citing White v. Mazda Motor of America, Inc. 139 Conn. App. 39, 49 (2012). "When the causation issue involved goes beyond the field of ordinary knowledge and experience of judges and jurors, expert testimony is required." Theodore v. Lifeline Systems Company, 173 Conn. App. 291, 311 (2017) (citations omitted).

---

[2] Unpublished decision attached hereto as Exhibit 2

The case at hand is similar to Graham v. Fireline, Inc., No.3:03-CV-00990-AWT, 2006 WL 1646165, at *7 (D.Conn., June 14, 2006)³, in which the court found that, because the plaintiff could not describe how the accident happened, and there was no other witness who can do so, it was not a case where a jury could find proximate causation from its consideration of the product and a witness' description of how the accident happened.

Likewise, in Marisco v. Allegre Banquets, Inc., CV-08-5018088, 2009 WL 2785069 (Conn. Super. Ct., August 6, 2009)⁴, a products liability action, the court granted summary judgment finding that the plaintiff's mere guess, conjecture, or speculation that there was a foreign object in his prime rib that caused him injuries was not sufficient to maintain his action against the defendants. (Id. at *6). The plaintiff's deposition demonstrated that neither he nor anyone else saw or had any knowledge of what caused his injuries. (Id. at *5). More specifically, the deposition showed that the plaintiff had no evidence that demonstrated the prime rib's defectiveness. (Id.) Thus, the burden shifts to the plaintiff to present evidence demonstrating a disputed factual issue as to the prime rib's defectiveness. (Id.)

The Marisco and Graham cases mirror the issue at hand in that the Plaintiff has offered no evidence as to precisely how the incident happened, and not knowing how the incident happened we do not know whether the incident was caused by an actual defect in the product, or by virtue of something else. In addition, the Plaintiff has disclosed no experts to establish how the product may have been defective. Therefore, the Plaintiff cannot establish her cause of action against BCI under the CPLA, and BCI is entitled to summary judgment as a matter of law.

**IV. CONCLUSION**

For all the foregoing reasons, Defendant BCI Burke Company LLC's Motion for

---

³ Unpublished decision attached hereto as Exhibit 3
⁴ Unpublished decision attached hereto as Exhibit 4

Summary Judgment as to the plaintiff's claims should be granted.

Dated this 31st day of October, 2018

>Respectfully submitted,
>Defendant BCI Burke Company, LLC,
>By its Attorneys,
>
>/s/ Kevin W. Hadfield
>Kevin W. Hadfield (Federal Bar No. CT28103)
>MANNING GROSS + MASSENBERG LLP
>One Citizens Plaza, Suite 620
>Providence, RI 02903
>Telephone No.:  (401) 443-2100
>Facsimile No.:  (401) 443-2140

## CERTIFICATE OF SERVICE

I, Kevin W. Hadfield, attorney for Defendant BCI Burke Company, LLC, hereby certify that on October 31, 2018, the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the Court's CM/ECF System.

Joseph R. Ciollo, Esq.
jciollo@morrisonmahoney.com
Morrison Mahoney, LLP
One Constitution Plaza
Hartford, CT 06103
P: (860) 616-4441
F: (860) 541-4879
*Counsel for Defendant, Design Built, LLC*

Jeffrey M. Cooper, Esq.
cdionne@coopersevillano.onmicrosoft.com
Cooper Sevillano, LLC
1087 Broad Street
Bridgeport, CT 06604
T: (203) 366-0660
F: (203) 366-0688
*Counsel of Plaintiff*

>/s/ Kevin W. Hadfield
>Kevin W. Hadfield, Esq.